DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CSAB MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-1, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,**
Appellant,

v.

**RICHARD C. CLARKE** a/k/a **RICHARD CLARKE,** and
**PAULA PRINSEN,** et al.,

Appellees.

No. 4D2023-2047

[November 20, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE20-15214.

Shawn Taylor of DeLuca Law Group, PLLC, Fort Lauderdale, for appellant.

Jonathan H. Kline of Jonathan Kline, P.A., Weston, for appellees.

GROSS, J.

A lender ("CSAB") appeals a final judgment in favor of the borrowers, Richard Clarke and Paula Prinsen, on CSAB's attempt to impose an equitable lien on the borrowers' property. The circuit court entered a final judgment of involuntary dismissal, ruling, among other things, that the suit was barred by both the application of res judicata and the existence of adequate remedies at law to collect on the prior judgment. We affirm the final judgment.

CSAB initially brought a foreclosure suit in 2008. A final judgment of foreclosure was entered in 2016. However, both the underlying mortgage and the final judgment contained an incorrect legal description of the property that precluded a foreclosure sale.

In 2020, CSAB filed suit for an equitable lien and foreclosure. CSAB contended that because the incorrect legal description of the property in

the mortgage and the 2016 final judgment precluded a foreclosure sale, the imposition of an equitable lien was justified.

The 2008 lawsuit leading to the 2016 final judgment contained one count for foreclosure and one count for reformation of the mortgage to reflect the correct legal description of the subject property. Although the circuit court entered a final judgment for CSAB for the amount owed and for foreclosure, the court denied reformation because, at the non-jury trial, "there was no evidence" offered to support reformation.

In granting an involuntary dismissal of the equitable lien action, the circuit court observed that the correctness of the legal description was "fully litigated" in the prior foreclosure action, with the defendants prevailing on that issue. CSAB appeals.

The trial court correctly ruled that the equitable lien suit was barred because a central fact issue—the problem with the legal description in the mortgage—was decided adversely to CSAB in the foreclosure action. Relitigation of that issue is precluded by the doctrine of collateral estoppel, the first cousin of res judicata. In *Zikofsky v. Marketing 10, Inc.*, 904 So. 2d 520, 525 (Fla. 4th DCA 2005), we described collateral estoppel:

> The doctrine of collateral estoppel (or issue preclusion), also referred to as estoppel by judgment and estoppel by matter of record, is related to res judicata, but it is a different concept. In Florida, collateral estoppel bars relitigation of the same issue between the same parties which has already been determined by a valid judgment. Collateral estoppel applies even when a present and former cause of action are different and it bars relitigation of specific issues—that is to say points and questions—that were actually litigated and decided in the former suit. Florida has traditionally required that there be a mutuality of parties in order for the doctrine to apply. Thus, unless both parties are bound by the prior judgment, neither may use it in a subsequent action.

(Footnote, internal citations, and quotation marks omitted).

The circuit court correctly ruled that the issue of the property description in the mortgage had been conclusively decided in the 2016 final judgment. As the court observed, appellant is left with other legal remedies to collect its judgment.

*Affirmed.*

2

WARNER and CIKLIN, JJ., concur.

\*    \*    \*

*Not final until disposition of timely filed motion for rehearing.*